[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR CONTEMPT AND TO REOPEN STIPULATION AND JUDGMENT AND FOR MODIFICATIONS, BOTH DATED NOVEMBER 17, 1990
The parties to this action entered into a stipulated judgment dated October 18, 1990 contained in Defendant's Exhibit #2. The parties entered into the stipulation on that date with the agreement contained therein that the parties would not comment on the stipulation to the Torrington Register, not provide copies of the stipulation to the paper and not call the attention to that paper of the existence of the stipulation. The stipulation contained an agreement that a certain payment would be made on the date of the stipulation and that furthermore, the remaining sums owed to the plaintiff would be paid on a monthly basis along with current bills.
The original proffer of payment on the date of the judgment failed to clear the bank on November 5, but shortly thereafter the plaintiff was notified that the defendant was no longer in default. Thereafter plaintiff caused to be recorded on the land records of the City of Torrington, the court's finding, judgment, and order pertaining to the appointment of receiver of rents pursuant to Section 16-262f of the Connecticut General Statutes, Defendant's Exhibit #2 In this hearing.
The plaintiff claims that that filing on the land records was not a violation of the stipulation and that therefore the plaintiff is not in contempt. At the hearing on this motion, the defendant argued that the filing of that finding was equivalent to the disclosure to the Torrington Register. The plaintiff, when pressed by the court, could not respond that it had in fact filed the finding because the plaintiff intended to appoint a receiver, but rather, when pressed again the plaintiff indicated that the only purpose for the filing of the finding CT Page 4876 was to serve notice to tenants of the possibility of that appointment in the future. The plaintiff could offer no justifiable reasons for its having filed that document on the Torrington Land Records when it did.
The court finds that plaintiff is in violation of the stipulation of judgment. The issue of civil contempt must be addressed with respect to a remedy if there is to be one. "[C]ivil contempt is conduct directed against the rights of the opposing party. A contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent against the public. . . . In distinguishing between [criminal and civil contempt], much weight has been placed on the character and purpose of the punishment. " DeMartino v. Monroe Little League, Inc., 192 Conn. 271, 278 (1984).
"Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained, Where compensation is intended, a fine is imposed, payable to the complainant. Such fine must of course be based upon evidence of complainant's actual loss, and his right as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy. Civil contempt proceedings are not punitive i.e., they are not imposed for the purpose of vindicating the court's authority but are purely remedial." Id. at 278-279. (citations omitted) "[I]t is well settled. . .that the court may, in a proceeding for civil contempt, impose the remedial punishment of a fine payable to an aggrieved litigant as compensation for the special damages he may have sustained by reason of the contumacious conduct of the offender." Id. at 279.
"Where the contemptuous conduct occurs outside of the presence of the court, and the court acts on the motion of one of the parties, the contempt judgment is reviewable by appeal." McClain v. Robinson,189 Conn. 663, 667 (1983). "The interests of orderly government demand that respect and compliance be given to orders issued by courts possessed of jurisdiction of persons and subject matter. One who defies the public authority and willfully refused his obedience, does so at his peril. [A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." Cologne v, Westfarms Associates,197 Conn. 141, 147 (1985). (Citations omitted.)
"Contempts of court may also be classified as either direct or indirect, `the test being whether the contempt is offered within or outside the presence of the court." Id. at 150. "Therefore, if the conduct alleged to be contemptuous occurred outside of the court's presence, . . ., the court can only act upon evidence properly taken that proves the act of contempt." Id. at 152. "[T]he evidence necessary to constitute the alleged contempt must have been established by sufficient proof in the trial court." Id. at 152. CT Page 4877
A finding of contempt must be based on competent evidence, The newspaper article, marked as defendant's exhibit #1 as well as the "Finding", marked as defendant's exhibit #2, satisfies the requirement of competent evidence. Because this is an action of civil contempt and there is no way that the plaintiff can be coerced into compliance with the court's order, the only remedy to the court based on the contempt is compensation to the defendant for his losses. While the court can make a finding based on the article in the newspaper and the finding in judgment, that the judgment of the court was not followed, it does not appear on the face of this record that the court has any way to find a, actual loss so that a fine could be imposed payable to the defendant.
In terms of a remedy, however, because this is a court of equity (Conn. Gen. Stat. 52-504, et seq.) with respect to the initial application for a receiver of rents, the court will modify the judgment and grant that part of defendant's motion to reopen the stipulation and judgment to change the payment schedule to One Thousand ($1,000.00) Dollars per month on the arrearage along with payment of any current bills. Judgment may enter in accordance with this memorandum.
DRANGINIS, J.